[Civ. No. 15538.   First Dist., Div. One.   Sept. 18, 1953.]

GLADYS E. CACIOPPO, Appellant, v. TRIANGLE COM-
PANY (a Corporation) et al., Respondents.

Nichols, Richard, Allard & Williams, J. Hampton Hoge and Lewis L. Fenton for Appellant.

Lacey & Thornberry for Respondents.

WOOD (Fred B.), J.—June 7, 1951, plaintiff (riding as a guest of Andrew Cacioppo in his automobile, driven by him) was injured in a collision with a truck and trailer owned by defendant W. E. Simas, driven by defendant Marion Bates while in Simas' employ.

Plaintiff has appealed from a judgment entered upon the rendition of a verdict for the defendants. She claims the trial court prejudicially erred in giving the jury the question whether or not plaintiff and Andrew Cacioppo were married at the time of the accident, thereby presenting to the jury the question of contributory negligence.

Defendants invoke the disputable presumption that "a man and woman deporting themselves as husband and wife have entered into a lawful contract of marriage" (Code Civ. Proc., § 1963, subd. 30). They claim there is sufficient evidence that at and prior to the accident plaintiff and Andrew deported themselves as husband and wife, to give rise to the presumption. Let us look at that evidence and analyze it.

Andrew Cacioppo testified that at the time of the accident, June 7, 1951, plaintiff was Mrs. Gladys E. Arena, that he and she were married December 30, 1951; that he had never gone through any marriage ceremony with her prior to December 30, 1951; that prior to the accident he had introduced her as Mrs. Cacioppo; that they registered at the Salinas Valley Hospital, right after the accident, as Mr. and Mrs. Cacioppo and occupied the same room at the hospital. Plaintiff testified that at the time of the accident her name was Gladys Arena; that she had been formerly married; she ceased to be married to her former husband in 1949; she had two children, one 32 and the other 29 years of age at the time of the trial; she and Andrew were married December 30, 1951; she never had a marriage ceremony with Andrew prior thereto. She produced a marriage certificate which was introduced in evidence. It declares that on December 30, 1951, James H. Down, Jr., Justice of the Peace of Las Vegas, Nevada, joined Andrew Cacioppo and Gladys E. Arena in lawful wedlock. Asked if she were generally known as "Mrs. Cacioppo" at the time of the accident, she answered "Yes." Dr. Eberhardt, who attended them at the hospital following

the accident, knew her as Mrs. Cacioppo; his records indicated her name was Gladys Cacioppo, information he obtained from her and Andrew. Carl Lauritzen of the highway patrol testified that plaintiff gave ''Gladys Cacioppo'' as her name.

That evidence falls short of the requirement of the common law that there be proof that the parties had lived together as man and wife and by their conduct to each other and to the world thus established a common, uniform and undivided repute that they were married. Whatever additionally may be required to create the statutory presumption of marriage now that licensing and solemnization are required by the substantive law, the requirement of proof of the cohabitation and repute mentioned certainly have not been dispensed with. (*Estate of Gill,* 23 Cal.App.2d 212, 214-215 [72 P.2d 771], and authorities there cited.)

■ In addition, even if there had been evidence of such cohabitation and repute, the instructions to the jury (given in part at the defendants' request and in part upon the court's own motion; none at the request of plaintiff)* were lacking in the exposition of these elements of proof necessary to the creation of the statutory presumption. In this regard the jury were told merely: ''The law presumes that a man and a woman who hold themselves out as husband and wife have entered into a marriage ceremony. This may be controverted by other evidence. Remember also that in California we do not recognize and do not have such a thing as common law marriages. . . .''

The prejudicial character of these errors inheres in the fact that there was evidence tending to show that Andrew, as well as the driver of the truck, was negligent, and none tending to show negligence upon the part of plaintiff, other than the negligence of Andrew which would be imputed to her if at the time of the accident she and Andrew were husband and wife.

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.

---

*The reporter's transcript shows the source of some, not all, of the instructions given. The parties supplied the missing information by stipulation during oral argument.